IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CAREN F.,[1] | No. 3:20-cv-683-MO |
| Plaintiff, | OPINION & ORDER |
| v. | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

MOSMAN, District Judge:

This matter comes before me on Plaintiff Caren F.'s Complaint [ECF 1] against Defendant Commissioner of the Social Security Administration. For the reasons given below, I AFFIRM the Commissioner's decision and DISMISS this case.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the nongovernmental party in this case.

1 – OPINION & ORDER

**PROCEDURAL BACKGROUND**

On March 25, 2016, Plaintiff applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, with an alleged onset date of December 25, 2015. Tr. 13, 310-16, 317-26. The Social Security Administration ("SSA") denied her claim initially and upon reconsideration. Tr. 161, 162, 195, 196. Plaintiff appeared and testified at a pair of hearings before Administrative Law Judge (ALJ) Sue Leise on April 14, and November 1, 2018. Tr. 31-54, 55-81. On January 30, 2019, the ALJ issued a decision finding that Plaintiff had not been under a disability at any time from the alleged onset date through the date of the decision. Tr. 10-30. Plaintiff filed an appeal, and the Appeals Council denied review. Tr. 1-6.

**THE ALJ'S FINDINGS**

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 25, 2015, the alleged onset date. Tr. 16. At step two, the ALJ determined that Plaintiff had the following severe impairments: vision impairment, and degenerative disc disease of the cervical spine. Tr. 16. At step three, the ALJ found no impairment that met or equaled the severity of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 17. The ALJ assessed Plaintiff's residual functional capacity ("RFC"), as follows:

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can do no climbing of ladders/ropes/scaffolds; no work around hazards such as dangerous machinery and unprotected heights; no operation of a motor vehicle at night; and would be limited to only frequent near and far acuity, and is able to perform work that requires simple, work related decisions with few if any work related changes.

Tr. 19.

At step four, the ALJ determined that Plaintiff was capable of performing her past relevant work as a cashier as actually and generally performed. Tr. 23-24. The ALJ therefore found Plaintiff not disabled. Tr. 24.

## LEGAL STANDARD

Courts must uphold the ALJ's decision if it "was supported by substantial evidence and based on proper legal standards." *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Substantial evidence is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1150 (2019) (internal quotation marks omitted). When "evidence is susceptible of more than one rational interpretation ... the ALJ's conclusion ... must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Errors in the ALJ's decision do not warrant reversal if they are harmless. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

## DISCUSSION

Plaintiff raises two issues with the ALJ's decision. She argues the ALJ erred by: (1) improperly rejecting the opinions of two non-examining psychologists, and (2) failing to resolve an apparent conflict between the vocational expert testimony and the Dictionary of Occupational Titles (DOT) at step four. I address these issues in turn.

**I.     Medical Opinion Evidence**

An ALJ must consider, evaluate, and explain the weight she gave the opinions of medical professionals who saw the claimant or reviewed her records in a professional capacity. 42 U.S.C. § 405(b)(1); 20 C.F.R. §§ 416.927(b), (d) & (e); SSR 6-03p, available at 2006 WL 2329939. For claims like this one filed before March 17, 2017, the Ninth Circuit distinguishes between the opinions of three types of physicians: treating, examining, and non-examining. The opinions of

treating physicians are generally accorded greater weight than the opinions of non-treating physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

When considering a non-examining, non-treating doctor's opinion, an ALJ may reject it "by reference to specific evidence in the medical record." *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022). The regulations require an ALJ to consider each opinion from a medical source along with other relevant evidence. 20 C.F.R. § 404.1527(b). An ALJ must consider whether each opinion is supported by evidence, consistent with the record, and consider factors such as a source's specialized knowledge about disability programs or an area of medicine. § 404.1527(c)(1)–(6). Nothing in the relevant regulations requires an ALJ to defer to an opinion from a non-treating, non-examining medical source.

*A. Non-Examining Psychologists Irmgard Friedburg, Ph.D. & Ben Kessler Ph.D.*

In June 2016, Irmgard Friedburg, Ph.D., reviewed the evidence for the State Disability Determination Services (DDS) and adopted the prior ALJ's findings with regards to Plaintiff's mental limitations. Tr. 141-42. Dr. Friedburg limited Plaintiff to simple routine tasks and only occasional contact with the public and coworkers. Tr. 141-42. Later, in October 2016, Ben Kessler, Ph.D., agreed with this opinion and assessed the same limitations. Tr. 175-76.

The ALJ gave these opinions "partial weight." Tr. 22. The ALJ explained that she did not give Doctors Friedburg and Kessler's opinions full weight, and addressed the sufficiency of the evidence underlying these opinions throughout her written opinion. Tr. 22. The ALJ then noted the worsening of Plaintiff's degenerative disc disease. Tr. 22. The ALJ also explained that the record did not support restrictions on Plaintiff's ability to hear due to tinnitus, but she did limit Plaintiff's ability to drive at night due to her impaired vision. Tr. 22. Plaintiff argues the ALJ did not make any specific findings regarding the non-examining DDS psychologists, Dr. Friedburg

and Dr. Kessler. Pl. Br., ECF No. 18 at 8-9. Although the ALJ indicated that these opinions were given "partial weight," Plaintiff contends she did not sufficiently contend with the psychologists' opinions, which limited Plaintiff to simple routine tasks and only occasional contact with the public and workers. *Id.* (citing Tr. 141-42). The ALJ instead limited Plaintiff to "simple, work related decisions with few if any work related changes," which Plaintiff believes did not fully capture the psychologists' opinions regarding complexity of tasks and did not provide any social limitations. Tr. 22.

The ALJ reasonably discounted Doctors Friedburg and Kessler's opinions that Plaintiff be limited to only "simple routine tasks," and "occasional contact with the public" because they conflicted with the medical evidence, other treating doctors' opinions, and Plaintiff's activity level. Discrepancy between objective examination findings and a doctor's opinion is a sufficient reason to reject a non-examining doctor's medical opinion. *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005); *see also Montavono v. Berryhill*, 2018 WL 1069464, at *7 (D. Or. Feb. 26, 2018). Likewise, inconsistency between a medical source opinion and a claimant's reported activities is a valid reason to reject it. *Ghanim v. Colvin,* 763 F.3d 1154, 1162 (9th Cir. 2014). Noting that Doctors Friedburg and Kessler's opinions received partial weight because they enjoyed only "some support" in the record, the ALJ contrasted their opinions that Plaintiff be limited to only "simple routine tasks," and "occasional contact with the public" with record evidence to the contrary. For example, the ALJ pointed to the opinion of John Adler, Ph.D., an examining psychologist who concluded Plaintiff had only mild limitations performing complex instructions, and that despite a few cognitive issues, Plaintiff's concentration, attention, and pace were fairly good during her visits. Tr. 22, 1063, 1067.

The ALJ likewise relied on PA David Strickland, Plaintiff's treating provider since April 2017, who opined that she had no limitations understanding, remembering, or applying information. Tr. 22, 862. The ALJ also noted that Plaintiff's mental status examination showed her "thinking, memory, concentration, attention and pace were all fairly good throughout most of the history and on all other mental tasks." Tr. 18. Regarding Plaintiff's ability to manage social interaction, the ALJ further found that the "record does not support limits in social interaction." Tr. 23. As the ALJ explained, although Plaintiff said she got her feeling hurt a lot, she nevertheless functioned well enough to visit friends and family, shop in public settings, and work part-time cleaning floors for her friends. Tr. 22, 66, 72, 371-73. The ALJ also highlighted Plaintiff's ability to socialize and get along with authority figures when concluding she had only a "mild limitation" in interacting with others—far less than the "occasional interaction with the public" limitation opined by Doctors Friedburg and Kessler. Ultimately, these notes provide substantial evidence to support the ALJ's conclusion that the opinion that Plaintiff be limited to only "simple routine tasks," and "occasional contact with the public conflicted with the objective medical evidence, other persuasive medical evidence, and Plaintiff's daily activities.

Plaintiff disagrees, arguing that the ALJ failed to refute Doctors Friedburg and Kessler's opinions with enough clarity and that the record weighs more heavily in favor their opinions. Plaintiff believes the "broader record" supports the need for social limitations, highlighting evidence of how much time Plaintiff spent at home and minimizing the ALJ's citations to Plaintiff's socializing and part-time work. Pl. Reply, ECF No. 20 at 4. It is not this Court's role, however, to consider how much weight each individual piece of evidence ought to have. Instead, the Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *Ahearn v. Saul*, 988

F.3d 1111, 1115 (9th Cir. 2021) ("We may not reweigh the evidence or substitute our judgment for that of the ALJ"). Even when there are two reasonable interpretations—Plaintiff's and the ALJ's—the ALJ's interpretation must prevail. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). And "[e]ven when an agency explains its decision with less than ideal clarity [as was the case here], we must uphold it if the agency's path may be reasonably discerned." *Molina*, 674 F.3d at 1121. Against that backdrop, even though Plaintiff clearly interprets the evidence differently, she has not (and cannot) establish error by simply advancing a different interpretation of the weight these various pieces of evidence deserve. The ALJ supported her decision to give Doctors Friedburg and Kessler's opinions "partial weight" with substantial evidence, and did not err.

## II.     Step Four

Plaintiff also argues the ALJ erred in relying on VE testimony at step four without resolving the conflicts between that testimony and the DOT. At step four, after determining Plaintiff's residual functional capacity, the ALJ considers whether the claimant is able to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). The ALJ may consider whether the claimant is capable of performing the work as she actually performed it "or as generally performed in the national economy." 20 C.F.R. § 404.1560(b)(2). Pursuant to Social Security Ruling (SSR) 00-4p, vocational expert testimony used at step four or at step five of the sequential evaluation process must be consistent with the DOT. *Id.* If there is an "apparent unresolved conflict" between the VE testimony and the DOT, the ALJ must obtain a reasonable explanation before relying on it. *Id.; see also Massachi v. Astrue*, 486 F.3d 1149, 1152-54 (9th Cir. 2007). Plaintiff argues the ALJ failed to resolve a conflict between the vocational expert's testimony and the DOT's definition of cashier as generally performed, which describes that

7 – OPINION & ORDER

occupation as requiring a reasoning level of three. Pl. Br. at 11 (citing Dep't of Labor, DOT, #211.462-014 (4th ed. rev. 1991)).

At the hearing, the ALJ asked the vocational expert if an individual limited to a range of light work, which involved only "simple work-related decisions" would be capable of any of Plaintiff's past relevant work. Tr. 48. The vocational expert indicated that such an individual could return to work as a cashier or as a veterinary technician. Tr. 49. The VE considered Plaintiff's work history, and opined that Plaintiff could return to her cashier job as actually or generally performed given the limitations the ALJ imposed in the RFC. Tr. 49. The ALJ credited the VE's testimony, and did not inquire into any conflicts between the reasoning level required by the cashier job as generally performed and the DOT. Tr. 49. Plaintiff argues that the ALJ erred in relying on VE testimony to find that she could perform the cashier job because the job as defined in the DOT requires reasoning abilities that exceed the ALJ's RFC, and the ALJ did not resolve that conflict. Pl. Br. at 5.

The ALJ did not err in deciding that Plaintiff could perform her past relevant work as a cashier as actually performed because she reasonably relied on substantial, unrefuted[2] evidence that supported her conclusion.[3] At step four, ALJs rely on VE testimony and the DOT to define

---

[2] Plaintiff points to no evidence in the record indicating that she could not do the cashier job as actually performed, which it is her burden to provide at step four. *See* Pl. Br. at 11-12, Pl. Reply at 6-7; *see also Stacy v. Colvin*, 825 F.3d 563, 569 (9th Cir. 2016) (describing a claimant's burden at step four).

[3] Plaintiff rightly points out that the ALJ erred by failing to resolve the apparent conflict between the VE's testimony and the DOT when it came to whether she could do the job or cashier as generally performed. In *Zavalin v. Colvin*, the Ninth Circuit held that substantial evidence did not support an ALJ's opinion when the ALJ failed to reconcile the limitation to simple, routine or repetitive work with the requirements of a job that, as "generally performed," had a Reasoning Level 3. 778 F.3d 842, 846 (9th Cir. 2015). The ALJ limited this Plaintiff to "simple work-related decisions" in the RFC, but nevertheless found Plaintiff capable of doing a job that, as generally performed, requires a Reasoning Level of 3. Tr. 24, 49. The Court sees little daylight between Plaintiff's limitation and the "simple, routine or repetitive work"

8 – OPINION & ORDER

requirements of jobs as generally performed, not actually performed. *See Pinto v. Massanari*, 249 F.3d 840, 845-46 (9th Cir. 2001). The *claimant,* either via written report or hearing testimony, is typically the primary source for determining how a job was actually performed. *Pinto*, 249 F.3d at 845. Here, the ALJ referenced the VE's testimony as establishing the DOT definition of the cashier job generally, but did not cite VE testimony to define the contours of Plaintiff's job as actually performed. *See* Tr. 24, 48-51. In the "actually performed" analysis, the ALJ relied on Plaintiff's description of her past work at the hearing and in written materials, and relied on the VE's expert opinion only about whether Plaintiff could do that work in light of the RFC. *See* Tr. 24, 48-51. This approach is consistent with the Commissioner's regulations and policy rulings, which indicate that VE testimony may be considered at step four, but need not be when it comes to jobs "as actually performed." 20 C.F.R. § 404.1560(b)(2); SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000). Plaintiff suggests that whenever there is an apparent conflict raised by a VE's testimony about how a job is generally performed and the DOT, an ALJ may not consider whether a Plaintiff can nevertheless do that job as "actually performed." Pl. Reply at 7. But this fails to recognize that the "actually performed" analysis is separate and apart from whether a Plaintiff can do a DOT-defined job as "generally performed." 20 C.F.R. § 404.1560(b)(2). Because the ALJ reasonably relied on record evidence and VE testimony about Plaintiff's work as actually performed, and Plaintiff cannot point to any evidence that would suggest she carried her step-four burden of showing she was *in*capable of that work, the Court finds the ALJ did not err at step four.

---

limitation the Ninth Circuit considered in *Zavalin*. *Id.* Since the ALJ failed to address this with the VE at the hearing, the ALJ erred by failing to reconcile an apparent conflict between VE testimony and the DOT. *Id.* This error was harmless, however, because the ALJ identified the separate, sufficient basis to find the Plaintiff disabled—that Plaintiff could perform her past relevant work as actually performed. *Stout*, 454 F.3d at 1054.

9 – OPINION & ORDER

**CONCLUSION**

For the reasons given above, I AFFIRM the Commissioner's decision and DISMISS this case.

IT IS SO ORDERED.

DATED:___1/2/2024_____.

*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge

10 – OPINION & ORDER